**COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV16869602 | D1 CM | 30309928 |

Rule 4 (B) Ohio

Rules of Civil Procedure

CARLTON BARTON, JR.   **PLAINTIFF**
VS
B A CREDIT ONE BANK CREDIT ONE FINANCIAL D   **DEFENDANT**

## SUMMONS

CREDIT ONE FINANCIAL
DBA CREDIT ONE BANK
585 PILOT ROAD
LAS VEGAS NV 59119

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

DARRYL E PITTMAN
2490 LEE ROAD

SUITE 115
CLEVELAND, OH 44118-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

PETER J CORRIGAN
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE | |
|---|---|
| Sep 27, 2016 | By_____ |
| | Deputy |



COMPLAINT FILED   09/26/2016



CMSN130

Ex A                                                                                                      0001



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

Court of Common Pleas

New Case Electronically Filed:
September 26, 2016 15:56

By: DARRYL E. PITTMAN 0034194

Confirmation Nbr. 866020

| | |
|---|---|
| CARLTON BARTON, JR. | CV 16 869602 |
| vs. | Judge: |
| CREDIT ONE FINANCIAL D/B/A/ CREDIT ONE BANK | |
| | PETER J. CORRIGAN |

Pages Filed: 6

In the Court of Common Pleas
Cuyahoga County, Ohio

| | |
|---|---|
| Carlton Barton, Jr.<br>4988 Nan Linn Drive<br>Richmond Heights, Ohio 44143,<br><br>   Plaintiff,<br><br>v.<br><br>Credit One Financial d/b/a/ Credit One Bank<br>585 Pilot Rd.<br>Las Vegas, NV 59119<br><br>   Defendant. | )<br>) Case No.<br>)<br>)<br>) Complaint<br>)<br>)<br>) Jury Demanded<br>)<br>)<br>)<br>)<br>)<br>) |

### PRELIMINARY STATEMENT

Carlton Barton, Jr., ("Plaintiff"), brings this Complaint against Defendant, Credit One, d/b/a Credit One Bank and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (collectively referred to as "Defendant"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2. The TCPA was enacted to prevent companies like Credit One from invading American citizen's privacy, and to prevent abusive "robocalls."

3. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

4. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice "to any telephone

1

number assigned to a ... cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

5. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

6. The Federal Communication Commission ("FCC") promulgated regulations that "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

7. The FCC confirmed this principle in 2013 when it explained that "a seller .... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant 47 U.S.C.§ 227, et seq.

9. Venue is proper in this Court because Plaintiff resides in Cuyahoga County, a substantial portion of the events or omissions giving rise to the claims occurred in Cuyahoga County, and, upon information and belief, Defendant regularly conducts business in Cuyahoga County.

## PARTIES

10. Plaintiff, Carlton Barton, Jr., a natural person, is a citizen of Ohio and a person as defined by 47 U.S.C. § 153(10).

11. The Defendant is a Nevada corporation that is primarily engaged in the business of debt collection. Defendant's principal address is 585 Pilot Road, Las Vegas Nevada and is a person as defined by 47 U.S.C. § 153(10).

12. Defendant conducts business throughout Ohio and the United States.

## FACTUAL ALLEGATIONS

13. Defendant has initiated multiple telephone calls to Plaintiff's cellular telephone

in an attempt to collect a debt.

14. Plaintiff is the "called party." See *Breslow vs. Wells Fargo Bank, NA*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio vs. State Farm Bank, F.S.B.*, 746 F3d 1242 (11th Cir. 2014).

15. From July 25, 2016, through the present, Defendant, or persons authorized by Defendant, called Plaintiff's cellular telephone number more than 60 times.

16. The calls from Defendant originated from phone numbers, including but not limited to, (216) 430-0313, (216)727-2947, (216) 727-4007 and (216) 727-2977, which were assigned to Defendant.

17. The telephone calls made by Defendant to Plaintiff's cell phone were robocalls because prerecorded messages were left on Plaintiff's phone.

18. These messages were "prerecorded" in the sense that they were recorded ahead of time, and then the recording was played when the dialing system detected that the call was answered by Plaintiff or Plaintiff's voice mail. The quality and contextual clues, such as an instruction to wait three seconds (something a human being would never say during a call like this), confirm the use of prerecorded messages.

19. Moreover, the calls Defendants made were made using equipment that was used to automatically and sequentially call a list of telephone numbers, including Plaintiff's.

20. Upon information and belief, Defendant made and attempted more prerecorded phone calls to Plaintiff within the four years leading to the filing of this complaint, using the same or similar equipment and messages. Discovery from Defendant and its dialer and telephone vendors is needed to confirm the precise volume of phone calls and messages.

21. Plaintiff did not consent to receive these phone. Defendant knew or should have known this fact.

22. Defendant's calls substantially damaged plaintiff. His privacy was improperly invaded, he was charged for the calls and annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

3

## COUNT I—TCPA

23. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

24. Defendant violated the TCPA by placing automated calls to Plaintiff's cellular telephones using its predictive dialer and prerecorded or artificial voice without Plaintiffs consent.

25. Defendant has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt without the prior consent of the called parties.

26. Defendant's violations were negligent, or they were willful or knowing. 47 U.S.C. §312(f)(1).

27. Defendants actions constitute numerous negligent violations of the FDCPA entitling Plaintiff to an Award of $500 in Statutory Damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendants action constitute numerous and multiple knowing and or willful violations of the TCPA entitling Plaintiff to an Award of $1500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment against Defendant as follows:

1. Statutory Damages of $500 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

2. Statutory Damages of $1500 for each knowing or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

3. A declaration that the dialer and messages that Defendant and/or its affiliates, agents, and/or other related entities' used to ca will ll Plaintiff are covered by the TCPA;

4. A declaration that Defendant did not have Plaintiff's consent to make the calls or play the messages as alleged herein;

5. A declaration that Defendant did not have consent to make the calls or play the messages as alleged herein;

4

6. A declaration that the calls and messages challenged herein violated the TCPA;

7. An order enjoining Defendant from using, or hiring any third party to use, prerecorded messages during calls to cell phones;

8. An award to Plaintiff's attorneys' fees and costs, as allowed by law and/or equity;

9. Leave to amend this Complaint to conform to the evidence presented through discovery or at trial; and

10. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

/s/ Darryl E Pittman
Darryl E Pittman, Esq. (0034194)
Darryl E Pittman Attorneys
2490 Lee Blvd., Suite 115
Cleveland, OH 44118
216-291-1005 (voice)
216-382-8512 (fax)

dlawgood450@Gmail.com

Dated: September 26, 2016

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, recordings, documents and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, or the making of telephone calls or texts, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of

5

Ex A

any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

Respectfully submitted,

/s/ Darryl E Pittman
Darryl E Pittman, ESQ. (003-4194)
Darryl E Pittman Attorneys
2490 Lee Blvd., Suite 115
Cleveland, OH 44118
216-291-1005 (voice)
216-382-8512 (fax)

dlawgood450@sbcglobal.net

6