UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLTON BARTON, JR., | ) | CASE NO. 16CV2652 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| CREDIT ONE FINANCIAL d/b/a | ) | MEMORANDUM OPINION |
| CREDIT ONE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion for Summary Judgment filed by Defendant, Credit One Bank ("Credit One"). (ECF #36). Plaintiff, Carlton Barton, Jr., ("Mr. Barton"), filed a Response to Defendant's Motion for Summary Judgment, (ECF #47) and Credit One filed a Reply in Support of its Motion for Summary Judgment. (ECF #48). Therefore, the issues are fully briefed and ripe for review.

For the reasons set forth herein, Credit One's Motion for Summary Judgment is GRANTED.

I. Factual and Procedural Background[1]

Mr. Barton filed a lawsuit alleging that Credit One violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), when it called his cell phone after he

---

[1] Except as otherwise noted, the factual summary is based solely upon the undisputed facts set forth in the parties' statements of facts, the Plaintiff's Complaint, and the affidavits and other evidence filed with the Court as part of the summary judgment motion briefing. Those facts which are contested and have some support through the submitted affidavits or other evidence will be addressed in the body of the opinion, and shall be construed in the light most favorable to the Plaintiff as required under the Summary Judgment standards.

1

opened a credit card account with Credit One. (ECF #1, Ex. A).[2] The parties agree that on May 4, 2016, Mr. Barton completed an online application requesting a credit card account with Credit One.[3] The parties also agree that as part of the application, Mr. Barton provided his cell phone number as his primary and only contact number, as well as his home address in Richmond Heights, Ohio. (See ECF #41-1, ¶8, Affidavit of Jeffrey Meek, Vice President of Portfolio Services at Credit One Bank; ECF #47, p. 4). As a condition to obtaining the credit card, Mr. Barton agreed to the terms of the Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement ("Cardholder Agreement"), which provides in pertinent part: "by requesting and receiving, signing or using your Card, you agree [to the terms of the Cardholder Agreement]." (See ECF #36, p. 4). The Cardholder Agreement also provides that:

> "[y]ou are providing express written permission authorizing Credit One Bank or its agents to contact you at any phone number (including mobile cellular/wireless, or similar devices) or email address you provide at any time, for any lawful purpose. The ways in which we may contact you include live operator, automatic telephone dialing systems (auto-dialer), prerecorded message, text message or email."

*Id.*

Mr. Barton received his credit card at his home address in Richmond Heights, Ohio, and activated it via telephone according to the instructions on the face of the credit card. (ECF #47, pp. 4-5). Mr. Barton indicates that he "received documents in the mail" at his residence sometime after activating the card, which Credit One states was the Cardholder Agreement. (*See* ECF #47, p. 5; ECF #36, p. 4). Mr. Barton admits that he subsequently made purchases with this credit card. (See ECF #20, Ex. 4, Plaintiff's Responses to Request for Admissions).

---

[2] Mr. Barton filed his Complaint in the Court of Common Pleas for Cuyahoga County, and the matter was removed to this Court pursuant to a Notice of Removal filed by Credit One on October 31, 2016. (ECF #1).
[3] Mr. Barton indicates that his deposition testimony is attached to his Response Brief as Exhibit A, but the docket does not indicate that Mr. Barton's deposition transcript was filed with the Court.

Mr. Barton alleges that sometime in July of 2016, Credit One "embarked on a harassing collection campaign," to inquire about an outstanding balance owed. (ECF #47, p. 5). Mr. Barton states that "[a]t this time plaintiff revoked any prior consent he may have given [Credit One] to call him by telling defendants representative not to call him anymore." *Id.* On September 29, 2016, Credit One received correspondence from Mr. Barton's counsel revoking Mr. Barton's prior express consent to be contacted regarding the Credit Card account. (See ECF #41-1, ¶12). Credit One placed a cease and desist flag on Mr. Barton's account and did not contact him after September 29, 2016. (*Id.* at ¶¶ 14).

Credit One filed its Motion for Summary Judgment, arguing that it did not violate the TCPA when it contacted Mr. Barton (ECF #36). Mr. Barton filed a Response Brief, (ECF #47), and Credit One filed a Reply Brief (ECF #48). This matter is fully briefed and ready for decision.

II. <u>Standard of Review</u>

The summary judgment standard is well-settled. Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir.2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. (*Id.* at 322). A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir.2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248–49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. (*Id.*) Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. (*Id.*) A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *(Id.* at 248–52).

III. <u>Analysis</u>

    A. <u>Alleged TCPA Violations</u>

4

The TCPA regulates the use of certain technology when placing calls to consumers, and makes it illegal for any person to place a call "using any automatic telephone dialing system or an artificial prerecorded voice" to a cell phone number without obtaining the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 341-42 (6th Cir. 2016). Although the TCPA does not define the term "prior express consent," Congress delegated authority to the Federal Communications Commission ("FCC") to prescribe regulations to interpret and implement the requirements of the TCPA. *See Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 467 (6th Cir. 2010). As it relates to the facts in this case, the FCC has interpreted "prior express consent" to include a form of implied consent, wherein "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called" at such number, "absent instructions to the contrary." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752 (1992). This interpretation was extended to wireless telephones in 2008. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 559 (2008).

It is clear in this case that "[p]laintiff acknowledges that he did give defendant his cell phone number when he filled out this online application." (ECF #47, p.4). Mr. Barton argues that he did not give "more than implied consent" for Credit One or its agents to call his cell phone. (See ECF #47, p.1). However, a debtor does not need to specifically provide his consent to automated calls, rather, "a party who gives an invitation or permission to be called at [a certain] number" has given "prior express consent" to be contacted. *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 551-52 (6th Cir. 2015). Furthermore, the terms of the Cardholder Agreement make it clear that Mr. Barton, by knowingly and voluntarily providing

his cell phone number as part of the application, provided his prior express consent to be contacted. Therefore, there is no genuine issue of material fact that the information Mr. Barton provided in the application for the credit card issued by Credit One, as well as the use of the credit card, constituted the prior express consent required in order for Credit One to contact Mr. Barton via telephone to pursue a debt.

Mr. Barton attempts to raise an issue of fact as to whether he received the correct Cardholder Agreement in the mail. (ECF #47, p. 5). The evidence presented by Credit One shows that "a true and correct copy of the Cardholder Agreement in connection with the Credit Card Account" of Mr. Barton was in fact mailed to his home address in Richmond Heights, Ohio, where he received all other correspondence related to this matter. (See ECF #41-1, ¶7). Furthermore, this does not raise an issue of fact, as Mr. Barton became bound by the terms of the Cardholder Agreement when he completed the on-line application and made purchases on the card. (See ECF #48, p.2).

B. Alleged Revocation of Consent

Mr. Barton also argues that he "revoked any consent he may have given" to Credit One. (ECF #47, p. 1). The facts illustrate that while Mr. Barton may have orally asked Credit One's agents to stop calling his telephone, the Cardholder Agreement provided the following:

> COMMUNICATION REVOCATION: If you do not want to receive communication as described [herein], you must (i) provide us with written notice revoking your prior consent, (ii) in that written notice, you must include your name, mailing address, and the last four digits of your Account number...(iv) if you are requesting communications to cease via telephone(s) and/or email, please provide the specific phone number(s) and email address.

(See ECF #36, p. 4).

The facts reflect that on September 29, 2016, Credit One received correspondence from Mr. Barton's counsel that adhered to the revocation language provided in the Cardholder Agreement. When Credit One received this revocation correspondence, it flagged the account and no further calls were made to Mr. Barton.

The revocation clause within the Cardholder Agreement is valid and enforceable, and Mr. Barton cannot unilaterally alter the terms of the agreement to claim that his oral revocation of consent was valid. Despite Mr. Barton's reliance on distinguishable case law, the TCPA "does not permit a consumer who agrees to be contacted by telephone as part of a bargained-for transaction to unilaterally revoke that consent." *Reyes v. Lincoln Auto. Fin.Serv.*, 861 F.3d 51, 56 (2d Cir. 2017).

Therefore, there is no genuine issue of material fact that Mr. Barton did not sufficiently revoke his consent to be contacted by Credit One until September 29, 2016. Therefore, any contact Credit One had with Mr. Barton prior to that date did not violate the TCPA.

C. Conclusion

For the reasons set forth herein, Credit One's Motion for Summary Judgment, (ECF #36), is hereby GRANTED.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: April 27, 2018